**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony D. LOCKE, also known as Sealed, Defendant–Appellant.**

**No. 01–1374.**

United States Court of Appeals, Tenth Circuit.

May 20, 2002.

Before SEYMOUR, PORFILIO, and BALDOCK, Circuit Judges.

ORDER AND JUDGMENT *

PORFILIO, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Anthony Locke, a federal prisoner convicted of several drug-related offenses, seeks a certificate of appealability (COA) to appeal the district court's denial of his habeas corpus petition. To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Locke presents ten issues, many with multiple subparts. Most allege that his trial and appellate lawyer (they were the same person) were constitutionally ineffective. In light of the governing legal stan-

---

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dard, this court has reviewed his request for a COA, his appellate brief, and the district court's order; it has also read the transcript from his trial. Based on that review, and for substantially the reasons stated by the district court in its order of May 25, 2001, we are convinced Locke's habeas petition is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). His request for a COA is DENIED. This appeal is accordingly DISMISSED. Locke's request to proceed in forma pauperis is GRANTED.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

